IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DANIELLE JOHNSON,

    PLAINTIFF,                  CASE NO.:
                                       DIVISION:

v.

ABM JANITORIAL
SERVICES-SOUTHEAST, LLC,

    DEFENDANT.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DANIELLE JOHNSON, by and through undersigned counsel, hereby brings this action against Defendant, ABM JANITORIAL SERVICES-SOUTHEAST, LLC ("ABM"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of 42 U.S.C. § 1981 ("Section 1981").

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant ABM is a California corporation headquartered in Texas and authorized to conduct business in Florida.

5. Defendant provides facilities management services to various sports and entertainment venues within the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. As an African-American woman, Plaintiff is a member of a protected class of persons under Section 1981.

10. Specifically, Plaintiff is an African-American employee whose rights to contract for employment, and to enjoy the benefits of such employment, are protected under Section 1981.

11. Under Section 1981, Defendant is prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's rights under Section 1981.

## FACTS

13. Plaintiff is an African-American employee.

14. Plaintiff began working for Defendant as a Janitor/Cleaner in December 2015, and she worked in this capacity until March 2016.

15. During the course of her employment with Defendant, Plaintiff performed the duties of her position in a satisfactory manner.

16. Soon after starting employment with Defendant, Plaintiff observed that employees of Hispanic ancestry were receiving preferential treatment in comparison with African-American employees.

17. For instance, Defendant invariably assigned more working hours to employees of Hispanic ancestry than to African-American employees.

18. Between January 2016 and March 2016, Plaintiff called Defendant's Employee Hotline several times to report that Defendant was discriminating against her on the basis of her race.

19. Defendant took no remedial action in response to the racial discrimination complaints lodged by Plaintiff through Defendant's Employee Hotline.

20. In or around February 2016, Plaintiff's Manager held a meeting with Plaintiff and other African-American employees, and asked them whether they felt that they were being discriminated against on account of their race.

21. In response, Plaintiff and other African-American employees of Defendant unequivocally answered "yes."

22. Following this meeting, Defendant's discrimination against Plaintiff as an African-American employee intensified, as reflected by changes in the actual terms and conditions of Plaintiff's employment with Defendant.

23. Following this meeting, Plaintiff's hours were significantly decreased by Defendant.

24. Plaintiff's supervisor openly stated to Plaintiff that he was going to make sure that "his people"—employees who were of Hispanic ancestry—were going to get more working hours.

25.   At the beginning of March 2016, Plaintiff told her supervisor that she was not being allotted enough working hours, and that she felt that she was being discriminated against on account of her race.

26.   Specifically, Plaintiff pointed out that Hispanic employees were consistently receiving more work shifts, while African-American employees like Plaintiff were given less hours.

27.   On the same day Plaintiff complained to her supervisor in March 2016, Defendant took Plaintiff off the work schedule entirely, and she was not recalled back to work after this date.

28.   Though Plaintiff repeatedly complained to Defendant about the discrimination that she was suffering at work between January 2016 and March 2016, Defendant took no remedial action.

29.   After Plaintiff complained about Defendant's discrimination and disparate treatment to her supervisor in March 2016, Defendant retaliated against Plaintiff by taking her off the schedule on that very same day, and not calling her back to work after that date.

### COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

30.   Plaintiff realleges and readopts the allegations of Paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31.   As an African-American employee, Plaintiff is a member of a protected class of persons under Section 1981.

32.   Plaintiff performed her job duties for Defendant in a satisfactory manner.

33.   Plaintiff was subjected to disparate treatment by Defendant solely on account of her race.

34. The foregoing actions constitute unlawful racial discrimination, in violation of Section 1981.

35. Defendant's actions were willful and done with malice.

36. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

37. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

38. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

39. As an African-American employee, Plaintiff is a member of a protected class of persons under Section 1981.

40. Plaintiff performed her job duties for Defendant in a satisfactory manner.

41. By repeatedly complaining to Defendant that she was being subjected to disparate treatment on account of her race, Plaintiff engaged in protected activity under Section 1981.

42. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by taking Plaintiff off of the work schedule indefinitely, and failing to recall her to work after that.

43. Defendant's actions were willful and done with malice.

44. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

45. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

46. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of May, 2016.

                                       Respectfully submitted,

                                       */s/ Christopher J. Saba*
                                       **CHRISTOPHER J. SABA**
                                       Florida Bar Number: 0092016
                                       **WENZEL FENTON CABASSA, P.A.**
                                       1110 North Florida Avenue
                                       Suite 300
                                       Tampa, Florida 33602
                                       Direct No.: 813-321-4086
                                       Main No.: 813-224-0431
                                       Facsimile: 813-229-8712
                                       E-mail: csaba@wfclaw.com
                                       E-mail: tsoriano@wfclaw.com
                                       **Attorneys for Plaintiff**